UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GREENPOINT BANK,

                 Plaintiff,

   -against-

RONNY SIMON and
SIMON SUDS INCORPORATION,

                 Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

**07-CV-0910 (CBA)(LB)**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 1 6 2007
P.M.
TIME A.M.

**BLOOM, United States Magistrate Judge:**

Defendant Ronny Simon ("Simon"), appearing *pro se* and ostensibly seeking to represent Defendant Simon Suds Incorporation,[1] seeks to remove a foreclosure action from the New York Supreme Court, Queens County. As it clearly appears on the face of the Notice and the exhibits annexed thereto that removal should not be permitted, as this Court lacks subject matter jurisdiction, the action is remanded to state court. 28 U.S.C. §§ 1446, 1447.

## BACKGROUND

On January 9, 2007, Simon filed this Notice of Removal in the United States District Court for the Southern District of New York ("S.D.N.Y."). By Order dated March 1, 2007, the action was transferred to this Court. The state court action Simon seeks to remove is a foreclosure proceeding instituted by Plaintiff GreenPoint Bank ("GreenPoint") against property

---

[1] The corporation is not named as a defendant in the state court action, and in any case, it is well established that a pro se litigant may not represent the rights and interests of others or of corporations. See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998). The original action did name several additional defendants. Simon does not allege that he represents their interests and argues that the other defendants are not necessary parties to the Notice of Removal since the claims he seeks to litigate in federal court are independent of the original action. (Notice of Removal ¶ 34) As Simon's Notice of Removal is hereby remanded, the Court need not consider whether the unnamed parties are necessary parties.



located at 224-01 to 224-11 141st Avenue in Queens, New York.  It appears from statements and documents included in Defendant's 34-page Notice of Removal and some 665 pages of exhibits,[2] that Simon has defended the action by initiating litigation against GreenPoint.  This strategy has included filing an interlocutory appeal in state court, see GreenPoint Bank v. Simon, et al., Docket No. 2004-10454 (N.Y. App. Div., 2d Dep't), filing two prior Notices of Removal in the United States District Court for the Southern District of New York, see GreenPoint Bank v. Simon, Docket No. 04 Civ. 9781 (JSR) (S.D.N.Y. April 22, 2005) (remanded to state court) and GreenPoint Bank v. Simon et. al., Docket No. 06 Civ. 2964 (RMB) (S.D.N.Y. Oct. 4, 2006) (same), and commencing a civil action alleging state law contract and fraud claims, see Simon et al. v. GreenPoint Bank, N.A., et al., Docket No. 04 Civ. 9776 (RMB), 2006 WL 1817674 (S.D.N.Y. June 28, 2006) (dismissing the complaint).  As a result, the foreclosure action has languished in state court.  Most recently, on December 7, 2006, GreenPoint filed a renewed Notice of Motion for Judgment of Foreclosure and Sale, with a return date of January 9, 2007.  (Notice, attached exhibit (numbered page 106 of 112).)  Instead of answering, Simon's response was the instant Notice of Removal.  On March 14, 2007, GreenPoint filed a Motion to extend the validity period of the Notice of Pendency that had originally been entered in state court on March 23, 2004 and that is set to expire on March 23, 2007.

---

[2] The exhibits are grouped into four separate sets of documents, one of which is attached to the Notice of Removal (112 pages, including 32 of the 34 pages and 84 of the 95 paragraphs of the Notice of Removal); another set which is unlabeled (155 pages); and two others, which are labeled "Part I Notice of Removal Exhibits" (174 pages) and "Part II Notice of Removal Exhibits" (256 pages).  As each set consists of numerous documents which do not appear to be arranged in any particular order, the Court refers to the pages assigned by the Electronic Case Filing system when the documents were scanned.

2

## DISCUSSION

### A. Standard for Removal

Title 28, section 1441, of the United States Code sets forth the criteria for removing a civil action from state court to federal court. The statute provides for removal of claims over which the federal courts have "original jurisdiction," 28 U.S.C. § 1441(a), which means that a claim may only be removed to federal court if it could have been filed in federal court originally, Fax Telecommunicaciones Inc. v. AT&T, 138 F.3d 479, 485 (2d Cir. 1998). "[F]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). The removal statute provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §1446(b).

### B. Jurisdiction

This Court lacks subject matter jurisdiction over this action. If original jurisdiction is based on diversity of citizenship, removal is permitted only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C.A. § 1441(b). Defendant Simon resides in New York, so there is no basis for diversity jurisdiction. Accordingly, subject matter jurisdiction turns on whether a "federal question" is presented. Fax Telecommunicaciones Inc., 138 F.3d at 486 (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). To invoke federal question jurisdiction, the plaintiff's

claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. "[O]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, 482 U.S. at 392. A federal law issue raised by a defendant's defense or counterclaim is not a foundation for removal of a case from state to federal court. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) ("[A] defense that relies on the preclusive effect of a prior federal judgment, or the pre-emptive effect of a federal statute, will not provide a basis for removal. As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.") (citations omitted); Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002) ("[A] counterclaim–which appears as part of the defendant's answer, not as part of the plaintiff's complain–cannot serve as the basis for 'arising under' jurisdiction.").

The foreclosure proceeding which Defendant seeks to remove to federal court raises no issue or claims based on federal law. Defendant's Notice of Removal raises several counterclaims under the United States Constitution and alleges violations of nonexistent provisions of the Code of Federal Regulations and irrelevant sections of the United States Code. (Notice ¶¶ 6, 7, 10, 16, 36, 39-50) (claiming violations of the First, Fifth, Ninth, Tenth, and Fourteenth Amendments, the Civil Rights Acts as codified in 42 U.S.C. §§ 1983, 1985, 1986, and 1988, 12 C.F.R. §§ 545.6-11 (reserved), 12 U.S.C. § 1464(a), "the Common Law, Natural Rights and Natural laws," and federal preemption of unspecified state laws.)[3] These counterclaims citing real and imagined federal law may not serve as grounds for removal to

---

[3] Many of these claims were already raised in Simon's civil action filed against GreenPoint Bank and other defendants in the S.D.N.Y. That action was dismissed on June 28, 2005, but a Motion for Reconsideration remains pending. Simon, Docket No. 04 Civ. 9776.

4

federal court. Since this Court lacks original jurisdiction over this foreclosure proceeding, the removal cannot be permitted.

**C. Repeated Attempts to Remove the State Case**

Finally, the Court notes that this is Defendant's third attempt to remove the same state court proceeding to federal court. Defendant previously removed the pending state action to the S.D.N.Y. on December 13, 2004, see GreenPoint Bank v. Simon, Docket No. 04 Civ. 9781 (JSR) (S.D.N.Y. April 22, 2005) (remanded to state court), and again on April 17, 2006, see GreenPoint Bank v. Simon et. al., Docket No. 06 Civ. 2964 (RMB) (S.D.N.Y. Oct. 4, 2006) (same). Moreover, Simon was also a party to three prior suits, involving a separate parcel of real property, that were improperly removed to the United States District Court for the Eastern District of New York See BHT Limited LP v. Ray et al., Docket No. 96 CV 5077 (EHN) (E.D.N.Y. Aug. 13, 1997) (Notice of Removal remanded to state court); Simon v. Citibank N.A. et al., 03 CV 3078 (RJD) (E.D.N.Y. July 10, 2003) (complaint dismissed as frivolous); Plaza Homes, LLC v. Simon et. al., Docket No. 04 CV 3596 (RJD) (E.D.N.Y. Sept. 13, 2004) (remanded to state court). The Court takes notice of Simon's litigious history. In the second removal action filed in the instant case, GreenPoint sought Attorneys' Fees and Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. The Southern District declined to impose fees and sanctions at that time, in light of Simon's *pro se* status, but warned that it could reexamine the issue should Simon again seek to remove the action. GreenPoint, Docket No. 06 Civ. 2964, Slip. op. at 4. Given this history, Simon's current Notice of Removal is not a good faith misunderstanding of the respective domains of the federal and state courts, but rather an abuse of court process for the express purpose of delaying the state court foreclosure. Should

5

Simon file any other frivolous action in this Court related to this property, I will recommend that an injunction be entered barring him from filing any action in this Court without first obtaining leave of the Court. See 28 U.S.C § 1651.

## CONCLUSION

Accordingly, the Court concludes that removal should not be permitted, and the action is hereby remanded, pursuant to 28 U.S.C. §1447(c), to the New York State Supreme Court, Queens County. See GreenPoint Bank v. Simon, et. al., No. 6750/2004. The Clerk of the Court is directed to immediately send a certified copy of this Order to the Clerk of the Supreme Court, Queens County, and to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: Brooklyn, New York
March 16, 2007